Judge Franklin D. Burgess

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | NO. CR06-5613FDB |
| v. | UNITED STATES' SENTENCING MEMORANDUM |
| LACEY PHILLABAUM, | |
| Defendant. | |

Comes now, the United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, Mark N. Bartlett, First Assistant United States Attorney for said District, and Andrew C. Friedman, Assistant United States Attorney for said District, and files this United States' Sentencing Memorandum.

## I. INTRODUCTION

Defendant, Lacey Phillabaum, is before the Court for sentencing following her guilty pleas to conspiracy, in violation of 18 U.S.C. § 371, arson, in violation of 18 U.S.C. § 844(i), and using a destructive device during a crime of violence, in violation of 18 U.S.C. § 924(c). Phillabaum is scheduled to be sentenced at 9:00 a.m., on August 19, 2008.

UNITED STATES' SENTENCING MEMORANDUM/PHILLABAUM
(CR06-5613FDB) - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. PRESENCE REPORT

The United States has no objection to the facts in Phillabaum's Presentence Report. The Presentence Report recommends that the Court find that Phillabaum has an offense level of 33 for her conspiracy and arson convictions. And it recommends that the Court find that Phillabaum's criminal history category is VI, because Phillabaum is subject to the enhancement under Section 3A1.4 of the Sentencing Guidelines, since she has committed a "federal crime of terrorism." As a result, the Presentence Report recommends that the Court find that Phillabaum's sentencing range for her conspiracy and arson convictions is 235 to 293 months. The Presentence Report also notes that Phillabaum is subject to a mandatory 360-month consecutive sentence for using a destructive device during a crime of violence.

Phillabaum's Plea Agreement, which was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), provides that Phillabaum should receive a total sentence of between 36 and 60 months. The Court has authority to impose a sentence of 36 to 60 months, rather than an otherwise-mandatory longer sentence, for the reasons set forth in the United States' Memorandum in Connection with Defendant's Sentencing.

### A.   The Enhancement for "Federal Crimes of Terrorism"

Although the question is somewhat academic, at least in terms of determining Phillabaum's sentencing range, in light of the terms of the Plea Agreement in this case, Phillabaum is disputing the applicability of Section 3A1.4 of the Guidelines to her case. That section applies an upward adjustment to a defendant's offense level and criminal history category where the defendant has been convicted of "a felony that involved, or was intended to promote, a federal crime of terrorism." USSG § 3A1.4.

Although this case is substantively different from, say, the attacks of September 11, 2001 -- a fact that is recognized in the terms of the Plea Agreement and the United States' sentencing recommendation -- the crime still falls within the definition of a "federal crime of terrorism." United States District Judge Ann Aiken applied this adjustment to most of the defendants in the related Oregon cases. Just yesterday, the

UNITED STATES' SENTENCING MEMORANDUM/PHILLABAUM
(CR06-5613FDB) - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Ninth Circuit affirmed three of those sentences, including Kevin Tubbs' sentence, which was based upon application of the enhancement. See United States v. Kendall Tankersley, No. 07-30334, at __ n.3, __n.9 (9th Cir. Aug. 12, 2008).  This Court already has applied the adjustment to two of Phillabaum's co-defendants, Briana Waters and Jennifer Kolar.  The Court similarly should apply the adjustment in calculating Phillabaum's offense level.

Section 3A1.4 of the Sentencing Guidelines provides that, where a defendant is convicted of "a felony that involved, or was intended to promote, a federal crime of terrorism," the defendant's offense level should be increased by 12 levels, and the defendant's criminal history category should be increased to Category VI. USSG § 3A1.4.  The commentary to Section 3A1.4 provides that the term "federal crime of terrorism" is defined at 18 U.S.C. § 2332b(g). Id. comment. (n.1).  That statute defines a federal crime of terrorism to "mean[] an offense that -- (A) is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and B) is a violation of" any of a number of statutes including 18 U.S.C. § 844(i).  18 U.S.C. § 2332b(g)(5).

Phillabaum's case meets both prongs of this definition.  First, Phillabaum was convicted of violating 18 U.S.C. § 844(i), which is one of the qualifying predicate statutes.  Second, her crime was "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct."  The communique issued after the arson -- which Phillabaum participated in writing -- explains why Phillabaum and her co-defendants attacked the Center for Urban Horticulture.  That communique reads, in part

>Part 1
>
>At 3:15 am on Monday, May 21, the research of Toby Bradshaw was reduced to smoke and ashes. We attacked his office at the University of Washington while at the same time another group set fire to a related target in Clatskanie, Oregon, 150 miles away.

UNITED STATES' SENTENCING MEMORANDUM/PHILLABAUM
(CR06-5613FDB) - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  Bradshaw, the driving force in G.E. tree research, continues to unleash mutant genes into the environment that is certain to cause irreversible harm to forest ecosystems.

  After breaking into Bradshaw's office at the Center for Urban Horticulture, we inspected the building for occupants and set up incendiary devices with a modest amount of accelerant. Although we placed these devices specifically to target his office, a large portion of the building was damaged. This extensive damage was due to a surprisingly slow and poorly coordinated response from the fire department, which was evident by their radio transmissions.

  As long as universities continue to pursue this reckless "science," they run the risk of suffering severe losses. Our message remains clear: we are determined to stop genetic engineering.

  From the torching of Catherine I've's office at Michigan State University to the total incineration of GE seeds at the D & PL warehouse in Visalia, CA, the Earth Liberation Front is growing and spreading. As the culture of domination forces itself into our very genes, wild fires of outrage will continue to blaze.

ELF

The Center for Urban Horticulture was owned and occupied by the University of Washington, a state university – indeed, the state's flagship university. Education is a core governmental function. As a result, the Center for Urban Horticulture was part of state government. Professor Bradshaw's work as a faculty member similarly was part of government. This is even more clearly the case, because Professor Bradshaw's research was funded in substantial part by grants from the federal Government. By targeting the Center for Urban Horticulture to attack Professor Bradshaw's work, Phillabaum and her co-conspirators clearly intended either to influence through intimidation, or to retaliate against, government conduct.

After considering briefing and oral argument from the parties, Judge Aiken issued a lengthy memorandum opinion that reviewed the law governing the application of the enhancement and that addressed myriad legal challenges to the application of the enhancement. See United States v. Thurston, 2007 U.S. Dist. LEXIS 38185 (May 21, 2007). Judge Aiken noted in that opinion that "contrary to many defendants' assertions . . . the terrorism enhancement has been applied in several cases where the offense of conviction caused only property damage." Id. at *2. Judge Aiken similarly found that

UNITED STATES' SENTENCING MEMORANDUM/PHILLABAUM
(CR06-5613FDB) - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  "the plain language of the statute and Sentencing Guidelines" required only that a
2  defendant commit a "specific offense . . . with the intent or desire to influence, affect, or
3  retaliate against government conduct." Id. at *34. As a result, Judge Aiken rejected
4  defendants' arguments that the enhancement should apply only to conduct that caused
5  death or created a serious risk of bodily injury. Id. at *34-35.
6      Judge Aiken also rejected defendants' arguments that the enhancement was limited
7  to conduct targeting "the federal government rather than state or local government
8  entities." Id. at 49-51. As Judge Aiken noted, "the plain language of the statute does not
9  identify a specific form or level of government. Rather, § 2332b(g)(5)(A) simply refers
10 to 'the conduct of government,' signifying that all forms of government are included in
11 the broad sweep of the phrase." Id. at *50; see also United States v. Harris, 434 F.3d 767,
12 773 (5th Cir. 2005) (applying enhancement to destruction of municipal building housing
13 local police station); United States v. De Amaris, 406 F. Supp. 2d 748, 750-51 (S.D. Tex.
14 2005) (finding that term "government," as used in § 2332(b)(g)(5), includes foreign
15 governments). Applying these principles, Judge Aiken found that the enhancement
16 should be applied to defendants who had participated in destroying government property.
17     In Phillabaum's case, application of the same principles that Judge Aiken applied
18 in the related Oregon cases makes it clear that the terrorism enhancement also applies.
19 Phillabaum and her co-conspirators targeted a state university to halt, or retaliate against,
20 research being conducted by a professor, Toby Bradshaw, at that university. Moreover,
21 much of Professor's Bradshaw's work was in fact funded by federal research grants. For
22 these reasons, Phillabaum's offense was "calculated to influence or affect the conduct of
23 government by intimidation or coercion or to retaliate against government conduct," 18
24 U.S.C. § 2332b(g)(5)(A), and the Presentence Report correctly recommends that the
25 Court apply the enhancement, as it did in Waters' and Kolar's cases.
26 **B.    Phillabaum's Criminal History Category.**
27     The United States understands that, assuming that the Court applies the terrorism
28 enhancement, Phillabaum is asking the Court to find that criminal history category VI

UNITED STATES' SENTENCING MEMORANDUM/PHILLABAUM
(CR06-5613FDB) - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

overstates Phillabaum's criminal history. The United States understands that a lower criminal history category might result in Phillabaum receiving a more favorable placement in the Bureau of Prisons. The United States notes that, but for the application of the terrorism enhancement, Phillabaum, who has no prior convictions, would fall into criminal history category I. The United States also notes that Judge Aiken, who presided over a number of related cases in the District of Oregon, made such a finding in at least some of those cases. The United States takes no position on Phillabaum's request.

### III. SENTENCING RECOMMENDATION

#### A. The Court Should Impose a 36-Month Sentence.

The United States agrees with the Probation Office and defense counsel and recommends that the Court sentence Phillabaum to 36 months' imprisonment, the low end of the agreed-upon range in Phillabaum's Plea Agreement. Although there can be no dispute that Phillabaum committed an extremely serious crime – one that not only caused millions of dollars of damage, but also caused tremendous emotional harm and in some cases harm to the careers of occupants of the Center for Urban Horticulture – the United States believes that several factors support a sentence at the bottom of the agreed range.

First, the factors set forth in the United States' Memorandum Concerning Defendant's Sentencing support a low sentence. Second, Phillabaum's own actions in the years since the 2001 arson of the Center for Urban Horticulture support a low sentence. Phillabaum turned away from the Earth Liberation Front shortly following the arson, she did not participate in any other arson, and, since being contacted by United States agents in February 2005, she has done everything that she can to atone for her crime. As the Court is well aware, after observing Phillabaum's testimony, Phillabaum appears to be genuinely remorseful for her crime. For all of these reasons, the United States believes that Phillabaum's is one of the relatively small subset of cases in which the Court need not have any concern that the defendant will return to crime.

A 36-month sentence would represent the lowest sentence of the one dozen sentences of imprisonment imposed on various defendants in this conspiracy. (Only the

original cooperating defendant, who received a sentence of probation, received a lower sentence.) The United States believes, however, that this is appropriate and that a 36-month sentence is warranted in light of the fact that Phillabaum participated in a single -- albeit serious -- arson, in light of the factors set forth in the United States' Memorandum Concerning Defendant's Sentencing, and in light of Phillabaum's actions since 2001.

**B.      The Court Should Impose Three Years' Supervised Release.**

Section 5D1.2(a)(1) of the Sentencing Guidelines provides that Phillabaum should be subject to a term of "at least three years but not more than five years" supervised release. USSG § 5D1.2(a)(1). The United States recommends that the Court impose a term at the low end of this range, namely, three years.

In light of the fact that Phillabaum's criminal conduct will be nearly ten years old by the time that Phillabaum is released, and given Phillabaum's lack of involvement in any additional criminal activity since 2001, as well as the facts set forth in the United States' Memorandum Concerning Defendant's Sentencing, the United States does not believe that any purpose would be served by imposing a longer term of supervision than three years. The United States notes that Phillabaum already has been under Court supervision for nearly two years, without any incident, so that an additional three-year term of supervision would, in a sense, be equivalent to a total of five years of supervision. In addition, Phillabaum's restitution obligation will be enforceable even after Phillabaum's supervision is terminated, so that no significant benefit would result from maintaining Phillabaum on supervision for an additional two years merely to facilitate the collection of restitution.

**C.      Phillabaum Should be Permitted to Self Surrender.**

Following her guilty plea, Phillabaum originally was released on bond. Phillabaum subsequently requested to surrender and served approximately 14 months at FDC – SeaTac, before requesting to be released again on bond to prepare for her sentencing. Given this history, and the fact that she now is facing a relatively limited sentence, Phillabaum clearly is not a flight risk or danger. As a result, the United States

UNITED STATES' SENTENCING MEMORANDUM/PHILLABAUM
(CR06-5613FDB) - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

believes that she should be allowed to self surrender at the institution to which she is designated.

### IV. CONCLUSION

For the foregoing reasons, the Court should sentence Phillabaum to 36 months' imprisonment, to be followed by three years' supervised release, should waive a fine based upon Phillabaum's inability to pay, but should order Phillabaum to pay $6,092,649.85 in restitution and a $300.00 penalty assessment.

DATED this 13th day of August, 2008.

Respectfully submitted,

JEFFREY C. SULLIVAN
United States Attorney


s/ Mark N. Bartlett
MARK N. BARTLETT
First Assistant United States Attorney


s/ Andrew C. Friedman
ANDREW C. FRIEDMAN
Assistant United States Attorney

700 Stewart Street, Suite 5220
Seattle, WA  98101
Telephone:   (206) 553-7970
Fax:              (206) 553-0755
E-mail:         Mark.Bartlett@usdoj.gov
                     Andrew.Friedman@usdoj.gov

UNITED STATES' SENTENCING MEMORANDUM/PHILLABAUM
(CR06-5613FDB) - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via U. S. States First Class Mail or via facsimile.

s/Elisa G. Jimenez
ELISA G. JIMENEZ
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone:   206-553-4439
FAX:             206-553-0755
E-mail:          Elisa.Jimenez@usdoj.gov

UNITED STATES' SENTENCING MEMORANDUM/PHILLABAUM
(CR06-5613FDB) - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970